IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHAD WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 11-00658-CG-B |
| | ) |
| PETE HOLIFIELD, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT**

This matter is before the court on the motion of the plaintiff, Chad Wright ("Wright") for a default judgment against the defendant, Pete Holifield ("Holifield"). (Doc. 23).

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. Fed.R.Civ.P. 55(a). Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the Court can enter a default judgment against the defendant for not appearing. Fed.R.Civ.P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th

Cir.1986). While all well-pled allegations of fact are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  See also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs. Ltd., 218 F.Supp.2d 1355, 1359 (M.D.Fla.2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).

In addition to the requirements set forth in Rule 55, the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 et seq. (2003) (amending Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. §§ 501 et seq. (1940)) (the "SCRA"), imposes one additional burden on a plaintiff seeking to obtain a default judgment.  Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit-
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1) (2003).

The Soldiers and Sailors Civil Relief Act (the "SSCRA") was initially enacted in 1940 "to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves." United States v. Kaufman, 453 F.2d 306, 308-09 (2d Cir. 1971).  In considering its provisions, the Supreme Court has instructed that the SSCRA, "must be read with an eye friendly to those who dropped their affairs to answer their country's call." Le Maistre v. Leffers, 333 U.S. 1, 6 (1948) (citing Boone v. Lightner, 319 U.S. 561, 575 (1943)).  In 2003, Congress amended the SSCRA and renamed it the Servicemembers Civil Relief Act.  H.R.Rep. No. 81, 108th Cong. at 32 (2003), reprinted in 2004 U.S.C.C.A.N. 2367, 2377.  In doing so, Congress stated that it "has long recognized that the men and women of our military services should have civil legal protections so they can 'devote their entire energy to the defense needs of the Nation.'" Id.  As such, the SCRA, like its predecessor, explicitly requires any court to inquire into the service status of an individual prior to entering a default judgment.  50 U.S.C. app. at § 521.

In his motion for default judgment, Wright has stated that "[t]o the best of plaintiff's information and belief Holifield is not in the military service." (Doc. 23 at 2).  Wright makes the same assertion in his attached affidavit, based upon "information and belief." (Doc. 23-1 at 2-3).  This is not sufficient to comply with the SCRA because Wright failed to offer facts to support the affidavit.  See In re Templehoff, 339 B.R. 49 (Bankr. S.D. N.Y.

2005 (holding that the affidavit of default based "on information and belief" did not satisfy the requirements of the SCRA because it failed to include the necessary factual support for the conclusion that the debtor was not on active duty.).  See also Tara Productions v. Hollywood Gadgets, Inc., 449 Fed. Appx. 908, 911 (11th Cir. 2011) (affidavits based in part on information and belief held to be insufficient in the default judgment context.).

Accordingly, the plaintiff's motion for default judgment is hereby **DENIED** with leave to refile in conformity with the requirements of the SCRA.

**DONE** and **ORDERED** this  8th day of November 2012.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**