IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHAD WRIGHT | * |
| Plaintiff, | * |
| VS. | * CIVIL ACTION NO.: CV- 11-658-CG-B |
| PETE HOLIFIELD | * |
| Defendant | * |

## PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT

COMES NOW the Plaintiff, Chad Wright, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and in response to this Court's Order (Doc. 25) which allowed leave of the Plaintiff to refile in conformity with the requirements of the Servicemembers Civil Relief Act ("SCRA") and amends his motion for default judgment against Defendant Pete Holifield (Doc. 23). In support thereof, Plaintiff states as follows:

1. On November 23, 2011, Wright filed this lawsuit against Defendant Pete Holifield (Doc. 1).[1] In his Complaint, Plaintiff asserted claims for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 206, 207. Plaintiff sought relief including compensatory damages, statutory liquidated damages, attorney's fees, costs and expenses. (Doc. 1 at 5.) 29 U.S.C. § 216(b).

2. Holifield was personally served with the Summons and Complaint on January 6, 2012. (Doc. 5 at 1.)

---

[1] The Complaint also named Klassic Kar Wash, L.L.C. ("Klassic") as a defendant, but Klassic was dismissed without prejudice pursuant to Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure. (Docs. 7, 8.)

3. Holifield failed to plead or otherwise defend. On March 7, 2012, Wright filed a request for the Clerk to enter default against Holifield. (Doc. 10.) The Clerk entered default against Holifield on March 8, 2012. (Doc. 11.)

4. On April 4, 2012, Holifield terminated Wright's employment because Wright refused to dismiss this lawsuit. (See Doc. 23-1 at ¶¶ 9-10.)

5. On May 22, 2012, following a motion for leave and an Order granting same, Wright filed his Amended Complaint against Holifield. (Doc. 16 at 4.) In addition to claims that Holifield violated the minimum wage and overtime provisions of the FLSA, the Amended Complaint includes a claim that Holifield terminated Wright in violation of FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3). (Doc. 16 at 6.) Plaintiff sought relief including compensatory damages (including but not limited to back pay), statutory liquidated damages, attorney's fees, costs and expenses. (Doc. 1 at 5.) 29 U.S.C. § 216(b).

6. Holifield was personally served with the Summons and the Amended Complaint on July 25, 2012. (Doc. 19.)[2]

7. Holifield again failed to plead or otherwise defend. On August 16, 2012, Wright filed a request for the Clerk to enter default against Holifield. (Doc. 20.) The Clerk entered default against Holifield on August 17, 2012. (Doc. 22.)[3]

---

[2] Wright's counsel initially attempted to serve Holifield with the Amended Complaint on July 2, 2012. (See Doc. 18.) However, Wright's counsel later determined that there was a defect in the service on July 2. Thus, a second attempt at service was made and Holifield was properly served with the Summons and Amended Complaint on July 25.

[3] The Clerk's initial entry of default with respect to the Amended Complaint contained a clerical error. (See Doc. 21 (entering default against "defendant, Chad Wright.")) The Clerk corrected this clerical error in the Amended Entry of Default. (Doc. 22.)

8. Holifield is not an infant or incompetent person. In addition to Plaintiff's assertion that Holifield is not in military service, (See Doc. 23-1 ¶ 14) Plaintiff's counsel also performed a search of the Department of Defense Manpower Data Center and obtained a Status Report pursuant to the Servicemembers Civil Relief Act. Based on the information found therein Plaintiff's counsel files an affidavit on behalf of the Plaintiff which states that Holifield is not in military service and demonstrating the facts in support thereof in compliance with SCRA. (See attached Exhibit "1").

9. In support of this application, Plaintiff offers his affidavit to establish that he is entitled to damages under the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.* in the amount of $29,323.50. (Doc. 23-1) Wright's damages are calculated as follows:

| | |
|---|---:|
| <u>Unpaid Overtime:</u> | |
| 17 hours x 22 weeks x $12.75/hour | $4,768.50 |
| | |
| <u>Back Pay (April 5, 2012 to August 13, 2012):</u> | |
| 19 weeks x $556.75 - $685.00 unemployment compensation | $9,893.25[4] |
| | |
| <u>Statutory Liquidated Damages:</u> | |
| $4,769.50[5] + $9,893.25[6] | <u>$14,661.75</u> |

---

[4] 29 U.S.C. 216(b) ("Any employer who violates the provisions of section 215(a)(3) . . . shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . ., including without limitation . . . the payment of wages lost and an additional equal amount as liquidated damages.")

[5] 29 U.S.C. § 216(b); see also <u>Dybach v. State of Florida Dep't of Corrections</u>, 942 F.2d 1562, 1566-67 (11th Cir. 1991) (stating that, for violations of FLSA's minimum wage and overtime provisions, an award of liquidated damages is mandatory absent the employer's affirmative showing of objective and subjective good faith).

[6] See <u>Miller v. Paradise of Port Richey, Inc.</u>, 75 F. Supp.2d 1342 (M.D. Fla. 1999) (holding that, with respect to retaliation claims pursuant to 29 U.S.C. § 215(a)(3), an award of liquidated damages is mandatory unless the court finds that the defendant employer acted in good faith).

3

<u>Subtotal</u> (overtime and retaliation claims):                             $29,323.50

10.     Plaintiff further seeks the award of a reasonable attorney's fee and costs pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1923.   Plaintiff will separately file a verified bill of costs and a motion for attorney's fees pursuant to Local Rules 54.1 and 54.3.

WHEREFORE, Plaintiff Chad Wright respectfully requests the Court to enter default judgment against Defendant Pete Holifield in the amount of $ 29,323.50, consisting of unpaid overtime, back pay and statutory liquidated damages.  Following entry of default judgment, Pursuant to L.R. 54.1 and 54.3. Plaintiff intends to file a petition for attorneys fees and verified bill of costs following entry of default judgment as contemplated by those rules.

Respectfully submitted this 16th day of November, 2012.

/s/ Banks C. Ladd
BANKS C. LADD, LADDB2908
BANKS C. LADD, P.C.
Attorney for Plaintiff(s)
51-F Tacon St.
Mobile, AL  36607
Phone:  (251) 431-6014
Email: banks@bcladd.com

## **CERTIFICATE OF SERVICE**

I certify that I have served the foregoing document on the Defendant by depositing same with the U.S. Postal Service at the following addresses this the 16th day of November, 2012.

Mr. Pete Holifield
911 Brotherton Road
Jefferson City, TN 37760

Mr. Pete Holifield
Klassic Kar Wash, LLC
Daphne, Alabama 36526

Mr. Pete Holifield
101 Winnetk Circle
Daphne, Alabama 36526

/s/ Banks C. Ladd
BANKS C. LADD, LADDB2908

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHAD WRIGHT, | * |
| PLAINTIFF, | * |
| VS. | *   CIVIL ACTION NO.:   11-0658-CG-B |
| PETE HOLIFIELD, | * |
| DEFENDANT. | * |

### AFFIDAVIT OF BANKS C. LADD

Before me on this day personally appeared Banks C. Ladd who, after being duly sworn and under penalty of perjury state in support of Plaintiff's Amended Motion for Default Judgment Against Defendant Pete Holifield as follows:

1. My name is Banks C. Ladd. I am a resident of Mobile County, Alabama and have personal knowledge of the facts stated herein.

2. I performed a search for Defendant Pete Holifield ("Holifield") on the Department of Defense Manpower Data Center database to determine the military status of Holifield using information obtained about the Defendant on the Alacourt database. Attached hereto as Exhibit "A" is a copy of the report and information used to obtain same.

3. Holifield is not in military service based on the information found in the attached Status Report Pursuant to the Servicemembers Civil Relief Act.



Further affiant saith not.

_____
BANKS C. LADD
AFFIANT

State of Alabama
County of Mobile

Sworn to and subscribed before me on this the 16th day of November, 2012.

_____
NOTARY PUBLIC
STATE OF ALABAMA
My Commission Expires: My Commission Expires 10-05-2013

Department of Defense Manpower Data Center     Results as of : Nov-09-2012 07:20:34

SCRA 2.3



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: HOLIFIELD
First Name: PETE
Middle Name:
Active Duty Status As Of: Nov-09-2012

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

PLAINTIFF'S EXHIBIT A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: UTQOL0KH2U



Support Forums | LogOff

**Main Menu**
- View Case Summary
- Monitor Case
- View Images
- Print Case

Company Name: A. EVANS CROWE   User ID: bankslad   Last login Date: 11/7/2012 Time: 8:08 AM

| County: | 05-BALDWIN | Case Number: | DC-2012-004868.00 | Judge: | MMT-MICHELLE M THOMASON | Defendant Status: | B-BOND |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Name: | STATE OF ALABAMA V. HOLIFIELD PETE | | | Filed: | 11/05/2012 | Arrest Date: | 11/05/2012 |
| Filing Charge: | FAIL FILE/PAY COUNTY | | | Court Action: | | ORI: | 0050000 |
| | | | | Disposition Charge: | | | |

REAL TIME

**Search**
- Party Search
- Case Lookup
- UTC Lookup
- SSN Enforcement
- Attorney Search
- Warrant Search
- Witness Search
- Docket Search
- HotSheet™

**Tracking**
- Attorney Tracker
- Case Monitor
- Name Tracker
- Reminders

**Desktop**
- My Alacourt

**Administration**
- Update User Info

Case | Settings | Charges / Disposition | Sentence | Enforcement | Consolidated Case Action Summary | Images | Witness List | Financial | Motions | Entire Case

### Case Information

| County: | 05-BALDWIN | Case Number: | DC-2012-004868.00 | Trial Type: | |
| --- | --- | --- | --- | --- | --- |
| Defendant Status: | B-BOND | Judge ID: | MMT-MICHELLE M THOMASON | Charge: | FAIL FILE/PAY COUNTY |
| Name: | HOLIFIELD PETE | Alias: | | Court Action: | |
| Probation Office Number: | 0-000000-00 | Probation Officer Name: | | Related Cases: | WR-2012-801718.00 |
| Jury Demand: | False | Traffic Citation Number: | 12-9988 | Driver License Destroyed Date: | |
| Grand Jury Court Action: | | Inpatient Treatment Ordered: | | Previous DUI Convictions: | 000 |
| Appeal Date: | | | | | |

### Case Initiation

| Case Initiation Date: | 11/05/2012 | Case Initiation Type: | S-SUMMONS SERVED | Offense date: | |
| --- | --- | --- | --- | --- | --- |
| Filing Date: | 11/05/2012 | Agency ORI: | 0050000 | Arresting Agency Type: | C-COUNTY |
| Arrest date: | 11/05/2012 | Arresting Officer: | CERT MAIL | City Code/Name: | 00 JEFFERSON CITY |
| Indictment Date: | | Grand Jury: | | Domestic Violence: | NO |

### Defendant Information

| Name: | HOLIFIELD PETE | Alias 1: | | Alias 2: | |
| --- | --- | --- | --- | --- | --- |
| Address 1: | DBA KLASSIC AUTO & KARWAS | | | Address 2: | 911 BROTHERTON RD |
| City: | JEFFERSON CITY | State: | TN | Zip: 37760-0000 | Country: US |
| DOB: | 01/12/1958 | SSN: | XXX-XX-X718 | Phone: | Driv License N°: NL |
| Height: | 0'00" | Weight: | | Race/Sex: W/M | Eyes/Hair: |
| State Identification Number: | AL000000000 | Youthful Date: | | Alabama Institutional service number: | |

### Prosecutor and Attorney Information

| Number | Name | Attorney Code | Type Of Counsel | Email | Phone |
| --- | --- | --- | --- | --- | --- |
| Prosecutor 1 | DIXON HALLIE SCOTT | DIX008 | | HSDIXON@MSN.COM | (251) 937-0274 |

### Warrant Information