IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHAD WRIGHT, | * |
| PLAINTIFF, | * |
| VS. | * CIVIL ACTION NO.:   11-0658-CG-B |
| PETE HOLIFIELD, | * |
| DEFENDANT. | * |

**PLAINTIFF'S FEE PETITION**

COMES NOW the Plaintiff, Chad Wright, by and through the undersigned attorney pursuant to L.R. 54.3, 42 U.S.C. § 216(b) and this Court's Order dated November 26, 2012 (Doc.27), and submits this fee petition to the Court.

**1.   INTRODUCTION**

This is an action for the enforcement of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") brought by Wright against his former employer, Pete Holifield, ("Holifield"). According to Wright's Complaint as amended and Wright's affidavit, Wright sought relief including compensatory damages, statutory liquidated damages, attorney's fees, costs and expenses. Wright's unpaid overtime, back pay total $ 14,661.75 and liquidated damages total $14,661.75 pursuant to Sections 206, 207, 216 (b) of the FLSA. Therefore, Wright's total claim for damages is $29,323.50. On August 17, 2012 this Court entered an Entry of Default against the Defendant. (Doc. 22). On November 26, 2012, this Court granted Plaintiff's motion for default against the Defendant (Doc. 27). Such an Order in favor of the Plaintiff constitutes Plaintiff as the prevailing party in this case.

Pursuant to Section 216 (b), an award of attorney's fees and costs to a prevailing plaintiff in

an FLSA action is mandatory. Kraeger v. Soloman & Flanagan, P.A., 775 F.2d 1541, 152(11th Cir. 1985); see also Shelfton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases,") According to Hensley v. Echerhart, 461 U.S. 424 (1983), the Court should make an award of attorney's fees based upon a lodestar analysis of reasonable hours devoted to the case multiplied by a reasonable hourly rate for each attorney. The Court may also enhance or reduce the lodestar figure by applying the factors discussed in Johnson V. Georgia Highway Express, Inc., 488 F.2d. 714 (5th Cir. 1974).

### II. EVIDENTIARY SUBMISSION FOR LODESTAR ANALYSIS:

The Plaintiff has attached affidavits, billing records, and expense records from his attorneys demonstrating the amount of time devoted to the pursuit of this case and the expenses incurred. Those fees and expenses are outlined below:

#### A. FEES:

| NAME | POSITION | RATE | HOURS | FEE |
|---|---|---|---|---|
| Banks C. Ladd | Attorney | $250.00 | 17.8 | $4,450.00 |
| Stacie Vitello | Attorney | $150.00 | 12.1 | $1,815.00 |
| Stephanie Booth | Attorney | $150.00 | 14.4 | $2,160.00 |
| TOTAL FEE REQUEST: | | $8,425.00 | | |

#### B. EXPENSES for Banks C. Ladd, P.C.

| | |
|---|---|
| Filing Fee in Federal Court | $350.00 |
| Postage | $ 12.85 |
| Process Service | $180.00 |
| Copies ( 192 x 0.25) | $ 48.00 |
| TOTAL EXPENSE REQUEST: | $590.85 |

ATTORNEY FEE REQUEST PLUS EXPENSES TOTAL:        $ 9,015.85

## II. SUPPORTING AFFIDAVITS

Wright has attached his affidavit in support of the expenses and fees requested. In addition, Wright has presented an affidavit from local attorney Henry Brewster and who is a highly skilled employment and civil rights attorney. As stated in his affidavit, he is familiar with the market rates for these services and the professional knowledge and skills of plaintiff's attorneys in these proceedings. He has provided testimony regarding both reasonable rates awarded in similar lawsuits as well as rates charged by local attorneys in cases of this nature. Based upon his testimony, he has stated that Wright's attorneys should be awarded hourly rates as follows:

| NAME | POSITION | RATE | EXPERIENCE |
| --- | --- | --- | --- |
| Banks C. Ladd | Attorney | $250.00 | 19 Years |
| Stacie Vitello | Attorney | $ 150.00 | 1 Year |
| Stephanie Booth | Attorney | $ 150.00 | 4 Years |

## IV. PRAYER FOR RELIEF

Based upon the foregoing, the Plaintiff requests, in addition to this Court's award of back wages, lost wages, and liquidated damages in the amount of $29,323.50, judgment against the Defendant for an award of attorney fees in the amount of $ 8,425.00 and reimbursement of expenses in the amount of $590.85, for a total attorney fee, costs and expense award of $9,015.85.

WHEREFORE, the Plaintiff respectfully requests this Court enter an award of attorneys fees and expenses as requested above in addition to Plaintiff's wage claim. The Plaintiff requests all other relief that may be available to him as a matter of law or equity.

s/ Banks C. Ladd
BANKS C. LADD, LADDB2908
STACIE E. VITELLO, VITES9125
BANKS C. LADD, P.C.
Attorneys for Plaintiff
51 Tacon Street, Suite E
Mobile, AL 36607
Phone: (251) 431-6014
Fax: (251) 470-8185
banks@bcladd.com

## CERTIFICATE OF SERVICE

I hereby certify I either electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification to all parties, emailed the foregoing to all parties, or mailed a copy of the foregoing to the following.

Mr. Pete Holifield
Klassic Kar Wash, L.L.C.
1911 US Highway 98
Daphne, Alabama 36526

Mr. Pete Holifield
101 Winnetk Circle
Daphne, Alabama 36526

Mr. Pete Holifield
911 Brotherton Road
Jefferson City, TN 37760

s/ Banks C. Ladd
BANKS C. LADD

4