UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
CLERK
113 ST. JOSEPH STREET
MOBILE, ALABAMA 36602

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

UNITED STATES POSTAGE

PITNEY BOWES

02 1M
0004221820     $ 00.65⁰
              NOV 27 2012
MAILED FROM ZIP CODE 36602

FIRST DEC 20   12 PM 12:30 USDCALS

Not at this
address

Pete Holified
Klassic Kar Wash, LLC
1911 U.S. Highway 98
Daphne, AL  36526

NIXIE     322   5E 1        00 12/10/12

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 36610264213     *2239-03790-30-33

365263461000642

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAD WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CIVIL NO. 11-00658-CG-B | |
| | ) | |
| PETE HOLIFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

This matter is before the court on the motion of the plaintiff, Chad

Wright ("Wright") for a default judgment against the defendant, Pete

Holifield ("Holifield"). (Doc. 23). For the following reasons, Wright's motion

is due to be **GRANTED**.

## I.     APPROPRIATENESS OF DEFAULT JUDGMENT

In this Circuit, "there is a strong policy of determining cases on their

merits and we therefore view defaults with disfavor." In re Worldwide Web

Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); see also Varnes v. Local

91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th

Cir. 1982) ("Since this case involves a default judgment there must be strict

compliance with the legal prerequisites establishing the court's power to

render the judgment."). Nonetheless, it is well established that a "district

court has the authority to enter default judgment for failure ... to comply with

1

its orders or rules of procedure." <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than four months after being served, entry of default judgment is appropriate.  Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. Fed.R.Civ.P. 55(a).  Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the court may enter a default judgment against the defendant for not appearing.  Fed.R.Civ.P. 55(b)(2).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." <u>Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.</u>, 803 F.2d 1130, 1134 (11th Cir.1986).

The court notes that Wright's claim appears to state a sum certain, which normally would implicate a default judgment rendered by the court clerk under Fed.R.Civ.P. 55(b)(1).  However, in the instant case, plaintiff's counsel has indicated his intention to file a subsequent motion for attorney's fees pursuant to Local Rules 54.1 and 54.3. (Doc. 26 at 4).  Thus, the full

damages amount is not certain, and Wright has therefore properly brought his motion for default judgment pursuant to Rule 55(b)(2).

In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.  In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party ." Flynn v. Angelucci Bros. & Sons, Inc., 448 F.Supp.2d 193, 195 (D.D.C.2006) (quotation omitted).  That is precisely what Holifield has done here.  Despite being served with process back in July 2012, he has declined to appear or defend, and has thereby stalled the progress of this litigation.

The law is clear, however, that Holifield's failure to appear and the clerk's entry of default do not automatically entitle Wright to a default judgment in the requested (or any) amount.  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1357 (S.D.Ga.2004); see also Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1204 (5th Cir. 1975); Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1316 (M.D .Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the

3

complaint states a claim for relief"). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997); <u>see</u> <u>also</u> <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the court has reviewed the complaint and is satisfied that it sets forth viable causes of action against Holifield under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et.</u> <u>seq.</u> ("FLSA"). In particular, the complaint includes specific allegations that Wright was a non-exempt employee of Holifield's pursuant to the FLSA; that Holifield knowingly failed to pay Wright in conformity with the requirements of the FLSA and applicable state law by failing to compensate him properly for "straight time" hours worked; that Holifield knowingly failed to pay Wright in conformity with the FLSA by failing to pay him for overtime hours (i.e., hours worked in excess of 40 hours per week); that Holifield failed to maintain adequate time records as required by § 211(c) of the FLSA; and that Holifield breached implied and express contracts of employment. <u>See</u> Doc. 1. These factual allegations appear adequate to state viable causes of action under the FLSA and Alabama law for breach of contract. Because all of these factual allegations in the complaint are deemed admitted by virtue of Holifield's

4

default, and because they are sufficient to state claims under the FLSA and Alabama law, the Court finds that Holifield is liable to Wright.

## II.   WRIGHT'S PROOF OF DAMAGES

Notwithstanding the propriety of default judgment against Holifield, it remains incumbent on Wright to prove the amount of damages to which he is entitled. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." <u>Virgin Records America, Inc. v. Lacey</u>, 510 F.Supp.2d 588, 593 n. 5 (S.D. Ala. 2007); <u>see also</u> <u>Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.</u>, 652 F.Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").

Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. <u>See</u>, <u>e.g.</u>, <u>Chudasama</u>, 123 F.3d at 1364 n. 27 (judicial determination of damages is unnecessary where claim is for sum certain or for sum which can by computation be made certain); <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59, 63-64 (1st Cir. 2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); <u>Adkins v. Teseo</u>, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (although court must make

independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); United States v. Cabrera-Diaz, 106 F.Supp.2d 234, 243 (D.P.R. 2000) (similar).

Here, the sum Wright seeks is accompanied by evidentiary support in the form of his affidavit (Doc. 23-1).  That affidavit sets forth Wright's claim for total back wages, lost wages, and liquidated damages in the amount of $29,323.50, together with Wright's calculation by which he arrived at that amount. See Doc. 23-1. As Wright's affidavit supports his uncontested claim for violation of the FLSA and state law claim of breach of contract, the court finds that his motion for default judgment is due to be **GRANTED**. Judgment shall issue by separate order after the court's consideration of the plaintiff's motion for attorney's fees.

DONE and **ORDERED** this 26th day of November 2012.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**