IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHAD WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 11-0658-CG-B |
| | ) |
| PETE HOLIFIELD | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

This matter is before the court on the Plaintiff, Chad Wright's ("Wright's") uncontested motion for attorneys' fees and costs. (Doc. 28).

I.   FACTUAL BACKGROUND

Wright filed a complaint against the defendant, Pete Holifield, on November 23, 2011, alleging various violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"). On August 17, 2012, this court entered an Entry of Default against Holifield (Doc. 22), and later granted Wright's motion for default judgment on November 26, 2012. (Doc. 27). Wright subsequently filed this unopposed motion for attorneys' fees and costs on December 11, 2012. (Doc. 28).

Wright seeks $8,425.00 in attorneys' fees and $590.85 in costs. Id.  He argues that, pursuant to §216(b) of the FLSA, "an award of attorneys' fees and costs to a prevailing plaintiff in an FLSA action is mandatory." (Doc. 28 at 1-2) (citing Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1987)). In support of his motion, Wright has submitted the affidavit of his attorney, Banks

1

Ladd (Doc. 28-1), as well contemporaneous records of the time Ladd and his associates spent, the rates charged, and the specific work performed in connection with Wright's claim against Holifield. (Doc. 28-2). Additionally, Wright has submitted the affidavit of Henry Brewster, an attorney practicing in Mobile, Alabama, who claims to be familiar with the reasonable market rates for attorneys pursuing FLSA claims. (Doc. 28-4).

## II.  COSTS

Wright seeks costs in the amount of $590.85, and has submitted an itemized list of costs in support of its motion. (Doc. 28, p. 2).

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent other explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Insurance Co. v. Johnson, 982 F.Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted). "[A] a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citations omitted).

2

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1).  Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991); see also Monelus v. Tocodrian, Inc., 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs that exceed those permitted by § 1920.  See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Upon review of Wright's itemized list of costs, the court finds that the only costs which are taxable under § 1920 are: (1) the $350.00 filing fee Wright paid when he filed his complaint; and (2) $48.00 in copying costs, which, given the fact that this motion is unopposed, the court presumes was incurred for materials "necessarily obtained for use in the case." See Doc. 28, p. 2.  Accordingly, Vision's motion is **GRANTED IN PART**, with respect to costs, in the amount of $398.00.

### III.  ATTORNEYS' FEES

The starting point in setting any attorney's fee is determining the "lodestar" figure — that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly-situated attorneys in the community.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also, Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303.  After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upwards or downwards.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565–66 (1986); see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987); Hensley, 461 U.S. at 433–34.  Where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations.  Norman, 836 F.2d at 1299.

In making the above determinations, the court is guided by the 12 factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).  See Blanchard v. Bergeron, 489 U.S. 87, 91–92 (1989); Hensley, 461 U.S. at 434 n. 9.  These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  These Johnson factors may "be considered in terms of their influence on the lodestar amount."  Norman, 836 F.2d at 1299.

**(1) Reasonable Rate**

As the party requesting fees, Wright has the burden of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate for the work performed by his attorney and paralegals.  Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303).  The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  In this case, the relevant legal community

5

is Mobile, Alabama.  See Barnes, 168 F.3d at 437 ("[T]he 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation and quotation marks omitted)).

As stated above, Wright has submitted an affidavit from his attorney, Banks Ladd, which sets forth the hourly rate for Ladd ($250) and his associates working on the case ($150).  (Doc. 28 at 2).  Wright has also submitted a detailed summary report of hours worked, featuring detailed descriptions of the work performed.  (Doc. 28-2).

Based on the court's experience, knowledge, and observations, as well as a review of prior awards, the court finds that the $250 hourly rate for Ladd and the $150 hourly rate for associates Stacie Vitello and Stephanie Booth are reasonable. Compare Norman v. Alorica, Inc., 2012 WL 5452196, *4 (S.D. Ala. Nov. 7, 2012) (finding that, in an FLSA case, a rate of $250 per hour was reasonable for Ladd and $150 per hour was reasonable for Vitello and Booth).

**(2) Hours Reasonably Expended**

In determining whether the number of hours expended are reasonable, the court should not include any hours which are "excessive, redundant or otherwise unnecessary."  Norman, 836 F.2d at 1301.  When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  Barnes, 168 F.3d at 428.  The court will not permit a party to recover fees for hours that are excessive, redundant,

6

or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301. (emphasis omitted).

Wright seeks to recover for a total of 44.3 hours of time from November 2011 through December 2012, which are divided as follows: 17.8 hours incurred by Ladd, 12.1 hours incurred by Vitello, and 14.4 hours incurred by Booth. (Doc. 28-1). These hours appear to be, based upon the detailed descriptions provided in the summary report and the court's experience, knowledge and observation, reasonable for the amount of work involved in prosecuting an FLSA action which included a complaint, amended complaint, multiple entries of default, and a motion for default judgment. These hours are therefore allowed.

### (3) Lodestar Calculation

The lodestar calculation for Ladd is 17.8 hours x $250 per hour = $4,450.00. For Vitello and Booth, the lodestar calculation is 26.5 hours x $150 per hour = $3,975.00. The total lodestar amount is $8,425.00.

### IV. CONCLUSION

For the reasons stated above, the court finds that Wright is entitled to an award of attorneys' fees in the amount of $8,425.00 and costs in the amount of $398.00, for a total award of $8,823.00.

**DONE** and **ORDERED** this 9th day of January, 2013.

/s/ Callie V.S. Granade
UNITED STATES DISTRICT JUDGE